# United States District Court
### EASTERN DISTRICT OF TENNESSEE

**UNITED STATES OF AMERICA**
    v.

**ORDER OF DETENTION PENDING TRIAL**

<u>CHRISTOPHER JAMES DOMERMUTH</u>       Case Number: 3:08-CR-41
    *Defendant*      (JORDAN/GUYTON)

    In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), and pursuant to a Petition For Action on Conditions of Pretrial Release [Doc. 29] a detention hearing was held on June 16, 2008. The Court concludes that the following facts require revocation of the defendant's pretrial release and the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

[ ]    (1)    The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
         [ ] a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
         [ ] an offense for which the maximum sentence is life imprisonment or death.
         [ ] an offense for which a maximum term of imprisonment of ten years or more is prescribed in <u>[Part I applicable statute]</u>[1]
         [ ] a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
[ ]    (2)    The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
[ ]    (3)    A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).
[ ]    (4)    Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

[ ]    (1)    There is probable cause to believe that the defendant has committed an offense
         [ ] for which a maximum term of imprisonment of ten years or more is prescribed.
         [ ] under 18 U.S.C. § 924(c).
[ ]    (2)    The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

[ ]    (1)    There is a serious risk that the defendant will not appear.
[X]    (2)    There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II - Written Statement of Reasons for Detention

    At the hearing, the government proffered the content of the Petition for Action on Conditions of Pretrial Release [Doc. 29] ("the Petition"). The Petition was received into evidence as Exhibit 1 to the hearing, without objection. The Petition establishes that the defendant was placed on pretrial release, following a detention hearing and over the government's objection, on April 28, 2008. The terms and conditions of the defendant's pretrial release included requirements that the defendant not use any controlled substance, that he submit to drug screens, and that he "reside with parents."
    The Petition further stated that the defendant failed to report for drug testing on May 16, 2008 and on May 30, 2008; that the probation officer warned the defendant on several occasions not to miss drug tests; that the probation officer directed the defendant to report for a drug test on June 10, 2008; and that the defendant on June 10, 2008, "attempted to provide a urine sample other than his own, through a homemade device taped to his body." When his attempted subterfuge was discovered, the defendant admitted to using methamphetamine.
    The defendant does not contest the June 10, 2008 violation, or the fact that he did not appear for his scheduled drug tests on May 16 and May 30, 2008. The defendant, however, states that he now is in rehab, which he voluntarily, and at his own cost, entered following the June 10, 2008 admission of drug use. A letter from Cornerstone of Recovery in Louisville, Tennessee, ("Cornerstone") confirming the defendant's admission to an inpatient chemical dependency program, was admitted as Exhibit 2 to the hearing.
    James Domermuth, the defendant's father, testified at the hearing. He said that his son asked him for help, which led to the entry into Cornerstone. He also said that he had legal custody of his son's four children. He explained how the defendant was using funds from an individual retirement account to pay for the program at Cornerstone.
    Mr. Domermuth further testified that while on pretrial release the defendant had not resided full time with his parents. Rather, the defendant had spent "a night or two" in another location with his girlfriend. Mr. Domermuth also testified that even though he had "face to face contact" with his sone every day while he was on pretrial release, he did not observe that the defendant was using methamphetamine. The Court finds Mr. Domermuth's testimony

---

[1] Insert as applicable: (i) Controlled Substances Act (21 U.S.C. sec. 801 *et seq.*); (ii) Controlled Substances Import and Export Act (21 U.S.C. sec. 951 *et seq.*); or (iii) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. sec. 955a).

credible.

The Court finds that the defendant has violated the terms and conditions of his pretrial release by not submitting to scheduled drug tests on May 16 and May 30, 2008; by using methamphetamine; and by attempting to deceive the probation officer by providing urine not his own for a drug screen. The defendant, an admitted methamphetamine user (and possibly addict) can not be trusted to abide by terms and conditions of pretrial release. The defendant was able to use methamphetamine without detection by his father. Further, the Court finds that the defendant violated the pretrial release condition that he "reside with his parents" by spending nights not at his parents' residence. While the "reside with" requirement is less restrictive than "home detention" or "house arrest," it does demand that the defendant spend nights at the designated residence.

Finally, the defendant's continued use of illegal drugs is inherently dangerous to the community. See United States v. Hernandez, 2002 WL 1377911 (E.D.TN. Edgar).

**Conclusion**

The evidence and other information provided at the hearing established by clear and convincing evidence that the defendant poses a serious risk of danger to another person or the community. Accordingly, no condition or combination of conditions will reasonably assure the safety of individuals or the community, if the defendant were to remain on pretrial release. Therefore, the defendant shall be detained pending his trial.

**Part III - Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated: June 18, 2008

s/ H. Bruce Guyton
United States Magistrate Judge