UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>) No. 3:08-CR-41<br>V. ) (Jordan /Guyton)<br>)<br>CHRISTOPHER JAMES DOMERMUTH, )<br>)<br>Defendant. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. On June 16, 2008, this case came before the Court for a pretrial conference and status conference. Christopher Domermuth was present with his counsel, David Eldridge. The government was represented by Assistant United States Attorney Hugh Ward.

Attorney Eldridge made an oral motion to continue the June 30, 2008, trial date in order to afford a reasonable time for Mr. Domermuth to pursue important issues of evidence suppression. Mr. Domermuth has filed a Motion to Suppress All Evidence Obtained as a Result of the October 10, 2007, Search Warrant [Doc. 13]. The government indicates it is opposed to the Motion to Suppress and intends to file a response on or before the June 20, 2008, response deadline. The parties anticipate a hearing will be necessary to a proper disposition of the issues that have been raised. Accordingly, the government agreed that a continuance of the trial date was appropriate. In addition, there are eight other substantive motions before the Court. After the government has filed responses, the Court will determine whether a hearing is necessary for rulings on these motions.

Attorney Eldridge stated that, while Mr. Domermuth wishes to proceed to trial at the earliest date practicable, it is in the defendant's best interest to pursue his important suppression issues prior to trial and that the need to resolve these important issues of evidence suppression outweigh the interest of the defendant and the public in a speedy trial.  The government agreed.  Attorney Eldridge confirmed that he has discussed this matter with Mr. Domermuth, who understood his right to a speedy trial and also understood that a hearing and ruling on his motion to suppress certain evidence was necessary prior to trial.  Attorney Eldridge took the opportunity to speak with Mr. Domermuth again during a brief recess of the hearing.  Mr. Domermuth expressed his agreement with Attorney Eldridge's statements and agreed with the request to continue the trial date.

The Court agreed with the parties that the ends of justice served by granting a continuance outweigh the interest of the defendant and the public in a speedy trial.  18 U.S.C. § 3161(h)(8)(A).  Given the approaching June 30, 2008, trial date, the Court found that the failure to grant a continuance would deprive Mr. Domermuth of the time to pursue his suppression motion.  See 18 U.S.C. § 3161(h)(1)(F).  This Court will require time to conduct a hearing, then to adequately review the suppression issues and issue a Report and Recommendation.  After the Report and Recommendation is made, either party will have 10 days to register an objection with the District Court.  Should such an objection be made, the District Court will require a meaningful period of time to review the record and the issues presented.  In addition, the parties will need time to prepare for trial in light of the ruling on the suppression issues.  The Court concluded that all of this could not take place before June 30, 2008, and that without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite their use of due diligence.  See 18 U.S.C. § 3161(h)(8)(B)(iv).  The Court observes that all this could not be accomplished before the trial date

of June 30, 2008.

The parties agreed that all the time between the date motions began to be filed before the Court, April 25, 2008, and the new date of the trial is excludable from the operation of the Speedy Trial Act.

Accordingly, Mr. Domermuth's oral Motion to Continue, unopposed by the government, was **GRANTED**. The trial of this matter was reset to **September 10, 2008, at 9:00 a.m.** before the Honorable R. Leon Jordan, United States District Judge. The pretrial conference for this matter will be conducted on **September 3, 2008, at 11:00 a.m.** This Court will conduct a hearing on the merits of the Motion to Suppress [Doc. 13] and any other pending pretrial motions on **July 3, 2008, at 9:00 a.m.**.

The Court also finds, and the parties agree, that all the time between the April 25, 2008, filing of a Motion for Bill of Particulars, followed by the remainder of the pending motions, and the new trial date of September 10, 2008, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(F), (J), and (h)(8)(A)-(B).

**IT IS SO ORDERED.**

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge